1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10

11   HANOVER INSURANCE CO.,                Case No.:  15cv536 BTM (DHB)
12                           Plaintiff,
                                           **ORDER DENYING**
13   v.                                    **DEFENDANTS' MOTION TO**
                                           **DISMISS OR STAY**
14   POWAY ACADEMY OF HAIR
15   DESIGN, INC. and BEAUTY
     BOTIQUE, INC.,
16                           Defendants.
17

18        On August 10, 2015, Defendants Poway Academy of Hair Design, Inc.
19   ("Poway Academy"), and Beauty Botique, Inc. ("BBI") (collectively "Defendants"),
20   filed a motion to dismiss or in the alternative stay the claims for declaratory relief
21   and reimbursement alleged in Plaintiff Hanover Insurance Company's Complaint.
22   For the reasons discussed below, Defendants motion is **DENIED**.
23

24                            **FACTUAL BACKGROUND**
25        Plaintiff Hanover Insurance Company ("Hanover") is incorporated in New
26   Hampshire with its principle place of business in Massachusetts. (Compl. ¶ 6,
27   ECF No. 1.) Defendant Poway Academy owns and operates "Bellus Academy," a
28

beauty college in Poway, California. (Defs.' Mot. 3, ECF No. 20.) Defendant BBI owns and operates two additional beauty colleges under the "Bellus Academy" name in National City, California, and El Cajon, California. (Defs.' Mot. 3-4.)

## I.    Insurance Policies

Plaintiff issued insurance policies to BBI for a period from June 2014 to June 2015 and to Poway Academy for a period from July 2014 to July 2015. (Compl. ¶¶ 37, 43.) The policies contain identical "Employment Practices Liability Insurance" clauses which cover, "all 'Loss' which [the insured] are legally obligated to pay because of 'Claims'[1] first made against [the insured] during the 'Policy Period' and reported to us for any 'Wrongful Act' to which this insurance applies." (Compl. ¶¶ 39, 45.) In addition, both policies include a wage and hour exclusion, which states:

> This insurance does not apply to "Loss" on account of any "Claim" made against any "Insured" directly or indirectly arising out of, based upon or attributable to . . . [a]ny violation of any of the responsibilities, obligations, or duties imposed by any federal, state or local statutory or common law . . . that governs wage, hour and payroll policies and practices, except the Equal Pay Act.

(Compl. ¶¶ 40, 46.)

While the policies share the wage and hour exclusion, the policy agreement with Poway Academy includes a modification that alters the wage and hour exclusion, which the Plaintiff terms the "Wage and Hour Endorsement." The Wage and Hour Endorsement specifies that "[Hanover] will pay 'Defense Expenses' up to, but in no event greater than $25,000 for any such 'claim', without any liability by [Hanover] to pay such sums that

---

[1] "Claim" is defined in the policies as, "Any complaint or similar pleading initiating a judicial, civil . . . proceeding (including any appeal resulting from it), to which an 'Insured' is provided notice and which subjects an 'Insured' to a binding adjudication of liability for monetary or non-monetary relief . . . ." (Compl. ¶¶ 42, 49.)

1 | any 'Insured' shall become legally obligated to pay as 'Damages.'" (Compl.
2 | ¶ 47.)

3 | ## II.   Underlying State Court Action

4 |     Poway Academy and BBI are currently defendants in a pending class
5 | action in San Diego Superior Court. (Compl. ¶ 1.) In August 2014 Stephanie
6 | Hicks ("Hicks") filed a class action complaint ("State Court Action") against
7 | Poway Academy and BBI alleging, *inter alia*, claims under the California Labor
8 | Code and the California Business and Professions Code. (Compl. ¶ 13.) Hicks
9 | attended the "Bellus Academy" in National City from November 2010 to April
10 | 2012. (Compl. ¶ 19.) As part of the school's policy, Hicks was sent to the "floor"
11 | of the Academy that serves as a salon, performing services for paying clients.
12 | (Compl. ¶¶ 19-20.) Even though the students performed the services, the class
13 | action complaint states that they were not compensated. (Compl. ¶ 20.)

14 |     Hicks seeks to represent a class of plaintiffs comprised of students that
15 | also attended "Bellus Academy" locations and performed similar services but
16 | were not compensated. (Compl. ¶ 24.) Hicks' complaint states that Defendants
17 | Poway Academy and BBI violated California law by requiring or permitting the
18 | proposed class members to work without proper compensation, rest and meal
19 | breaks, and overtime pay. (Compl. ¶¶ 28-30.)

20 | ## III.   Plaintiff's Federal Complaint

21 |     In this case, Plaintiff seeks both declaratory and monetary relief.
22 | Specifically, Plaintiff seeks a determination that it has: (1) no duty to defend
23 | claims against Defendant Poway Academy upon exhaustion of the $25,000 limit;
24 | (2) no duty to indemnify claims against Poway Academy; (3) no duty to defend
25 | claims against BBI; and (4) no duty to indemnify claims against BBI.
26 | Furthermore, Plaintiff seeks reimbursement of all defense payments from BBI
27 | and reimbursement of defense payments exceeding $25,000 from Poway.
28 | //

## DISCUSSION

Defendants move to stay or dismiss this action, arguing that the Court should decline to exercise its jurisdiction because doing so would cause the Defendants to fight a two front war, wasting time and resources and forcing the Defendants to litigate the very issues that are currently being litigated in the State Court Action.

### I.    Motion to Dismiss

Defendants argue that the Court's jurisdiction over Plaintiff's claims is merely discretionary and that dismissal is proper given the pending State Court Action. However, as discussed below, the Court's jurisdiction over Plaintiff's claims is mandatory, not discretionary, and therefore dismissal is improper.

As an initial matter, Defendants argue that California law controls the Court's decision to exercise its jurisdiction or stay the action pending resolution of the State Court Action. The Court disagrees. While California law may control for substantive issues, "the question whether to exercise federal jurisdiction to resolve the controversy [is a] procedural question of federal law." Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir. 1996) (noting that the issue of the court's discretionary jurisdiction over declaratory claims is governed by federal law because it involves "considerations of judicial economy and comity") overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) (en banc). Thus, federal law, not California law, provides the legal framework for analyzing Defendants' motion to stay.

The Declaratory Judgment Act does not itself confer federal subject matter jurisdiction. See Golden Eagle, 103 F.3d at 753. Rather, "[a] lawsuit seeking federal declaratory relief must first present an actual case or controversy . . . [and] fulfill statutory jurisdictional prerequisites." Dizol, 133 F.3d at 1222-23. Even if a case brought under the Declaratory Judgment Act satisfies subject matter jurisdiction, the Court "must also be satisfied that entertaining the action is

1    appropriate." <u>Dizol</u>, 133 F.3d at 1223. This discretion "is not unfettered . . . [and]
2    a District Court cannot decline to entertain such an action as a matter of whim or
3    personal inclination." <u>Id.</u> (quoting <u>Pub. Affairs Assocs. v. Rickover</u>, 369 U.S. 111,
4    112 (1962)).

5          However, in cases where declaratory judgment claims are joined with other
6    non-declaratory claims, the district court "should not, as a general rule, remand
7    or decline to entertain the claim for declaratory relief." <u>Dizol</u>, 133 F.3d at 1225.
8    The appropriate inquiry when deciding whether or not exercise the Court's
9    jurisdiction over a cause of action that seeks both declaratory and monetary relief
10   is "whether the claim for monetary relief is independent in the sense that it could
11   be litigated in federal court even if no declaratory claim has been filed." <u>United</u>
12   <u>National Ins. Co. v. R&D Latex Corp.</u>, 242 F.3d 1102, 1113 (9th Cir. 2001); <u>see</u>
13   <u>also</u> <u>Snodgrass v. Providence Life and Accident Inc. Co.</u>, 147 F.3d 1163, 1167-
14   68 (9th Cir. 1998).

15         ### A.   *Plaintiff's Reimbursement Claims*

16         The Court must consider (1) whether it has subject matter jurisdiction over
17   the monetary claim, and if so, (2) whether that claim must be joined with one for
18   declaratory relief. <u>United National</u>, 242 F.3d at 1113. If the claims are sufficiently
19   independent, then jurisdiction is mandatory; if the claims are primarily declaratory
20   in nature, then jurisdiction is discretionary. <u>See id.</u> at 1115.

21         (1)   Subject Matter Jurisdiction

22         The Court has subject matter jurisdiction over Plaintiff's reimbursement
23   claims pursuant to 28 U.S.C. § 1332. Plaintiff is a New Hampshire corporation
24   with its principle place of business in Massachusetts, and Defendants are
25   California corporations with their principle places of business in California.
26   Furthermore, Plaintiff seeks more than $75,000 in compensation. Therefore, the
27   complete diversity and statutory amount requirements are met. <u>See</u> 28 U.S.C. §
28   1332.

## (2)   Relationship to the Declaratory Claims

Given that the Court has federal subject matter jurisdiction, the Court must next determine "whether the [reimbursement] claim[s] must be joined with one for declaratory relief." United National, 242 F.3d at 1113. Here, they do not.

In United National, an insurance company filed a counterclaim for reimbursement after the insured brought an action for declaratory judgment. Id. at 1108-09. The Ninth Circuit, reviewing the district court's order declining to exercise its jurisdiction, found that the district court had mandatory—not discretionary—jurisdiction over the action. Id. at 1115. The court noted that California recognized an insurance company's right to seek reimbursement against its insured for certain defense costs already expended. Id. at 1113 (citing Buss v. Superior Court, 16 Cal. 4th 35, 65 (1997)). Therefore, because the parties were diverse and the amount in controversy exceeded the jurisdictional amount, the reimbursement claims could exist independently from the declaratory claims pursuant to the district court's diversity jurisdiction. United National, 242 F.3d at 1114.

Here, as in United National, an insurance company seeks reimbursement from its insured for money already spent. Although the reimbursement claims overlap with the declaratory claims, the reimbursement claims are nonetheless independent under California law. See also Atain Specialty Ins. Co. v. 20 Parkridge, LLC, No. 15cv212-MEJ, 2015 WL 2226356, at *5 (N.D. Cal. May 11, 2015) (holding that although the declaratory and reimbursement claims overlapped, United National dictated that the reimbursement claims could stand independently of the declaratory claims); Liberty Surplus Ins. Corp. v. IMR Contractors Corp., No. 08-5773 JSW, 2009 WL 1010842, at *3 (N.D. Cal. Apr. 14, 2009) (holding that, because under California law a "claim for reimbursement could stand on its own in federal court," the court could not decline to exercise its jurisdiction).

The Court has mandatory jurisdiction over Plaintiff's reimbursement claims independent of the Court's jurisdiction over Plaintiff's declaratory claims. See also R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 977 (9th Cir. 2011) ("[I]f the district court must exercise jurisdiction over claims for damages, the court should retain similar claims for declaratory relief to avoid piecemeal litigation.") Therefore, Defendants' motion to dismiss is **DENIED.**

## II.   Motion to Stay

As an alternative to their motion to dismiss, Defendants move to stay the action pending resolution of the state court proceedings arguing that the interests of "fairness, consistency, efficiency and economy" warrant a stay.

Federal courts in general have the "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). A district court may stay a federal case in favor of related state court proceedings when an action seeks only declaratory relief or when exceptional circumstances exist. Scotts Co. v. Seeds, Inc., 688 F.3d 1154, 1158 (9th Cir. 2012). While the Declaratory Judgment Act grants courts some discretion to dismiss or stay a federal declaratory judgment action, see Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), courts do not possess the same discretion over actions for damages. See Colorado River, 424 U.S. at 817.

As discussed above, when a federal case includes both declaratory and non-declaratory claims, the Court must first determine whether the non-declaratory claims are independent. The Colorado River doctrine applies if the claims are independent, see Scotts, 688 F.3d 1158, while the Brillhart doctrine applies if the claims are dependent. Id. Here, Plaintiff's claims for reimbursement are independent of the claims for declaratory relief because California recognizes the right of an insurance company to seek reimbursement for costs already expended.

Because the Court has jurisdiction over Plaintiff's reimbursement claims independent of the declaratory claims, the <u>Colorado River</u> doctrine applies to Defendants' motion to stay. <u>See</u> <u>Vasquez v. Rackauckas</u>, 734 F.3d 1025, 1040 (9th Cir. 2013) (holding that the <u>Colorado River</u> doctrine applies to a case with a declaratory claim and a related but independent monetary claim).

### A.   *Colorado River* Factors

Under the <u>Colorado River</u> doctrine, a federal court may stay a federal action in favor of a related state proceeding "for reasons of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Colorado River</u>, 242 U.S. at 817. Federal courts are only permitted to stay a concurrent federal suit given the presence of a related state court proceeding in "rare cases." <u>R.R. Street</u>, 656 F.3d at 977.

The Ninth Circuit has recognized eight factors for assessing the appropriateness of a <u>Colorado River</u> stay:

> (1) [W]hich court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceeding can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

<u>R.R. Street</u>, 656 F.3d at 979 (citing <u>Holder v. Holder</u>, 305 F.3d 854, 870 (9th Cir. 2002)). "[A]ny doubt as to whether a factor exists should be resolved against a stay." <u>R.R. Street</u>, 656 F.3d at 979.

The first two factors are irrelevant here because the dispute does not involve any property and both forums are located in San Diego. As discussed below, the remaining factors weigh in favor of denying Defendants' motion to stay.

//

1              (1)    Piecemeal Litigation

2         Piecemeal litigation occurs "when different tribunals consider the same

3    issue, thereby duplicating efforts and possibly reaching different results." R.R.

4    Street, 656 F.3d at 979 (citations omitted). The mere possibility of piecemeal

5    litigation does not merit a stay. Id. "A correct evaluation of this factor involves

6    considering whether exceptional circumstances exist which justify special

7    concern about piecemeal litigation." Travelers Indem. Co. v. Madonna, 914 F.2d

8    1364, 1369 (9th Cir. 1990).

9         Moving forward with the federal action will not cause piecemeal litigation

10   because the State Court Action involves different parties and different legal

11   issues. In the State Court Action, the plaintiff class alleges violations of California

12   law. On the other hand, the instant action raises the issue of whether or not the

13   claims in the State Court Action fall within the exclusions listed in Plaintiff's

14   insurance policies. Although Defendants argue that both cases turn on whether

15   or not the students are deemed employees, the instant action only requires

16   consideration of the claims made in the State Court Action complaint and does

17   not rest on the outcome of that case. Because each case involves different legal

18   issues, resolution of the State Court Action will not affect the Court's decision in

19   this case. Therefore, this factor weighs against granting a stay.

20             (2)    Source of Law

21        The presence of state law issues weighs in favor of a stay only in rare

22   circumstances. See R.R. Street, 656 F.3d at 980; see also Moses H. Cone Mem'l

23   Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983). Here, because the

24   basis of the Court's jurisdiction rests in diversity, California state law provides the

25   rule of decision. However, the case does not rest on unsettled matters of

26   California law, but instead routine issues of state law involving contract

27   interpretation. See R.R. Street, 656 F.3d at 980-81 (noting that routine contract

28   interpretation does not present a "rare circumstance" that requires a stay). This

1  factor also weighs against granting a stay.

2       (3)   Order of Jurisdiction

3       The priority element of the <u>Colorado River</u> analysis "is to be applied in a

4  pragmatic, flexible manner with a view to the realities of the case at hand."

5  <u>Moses H. Cone</u>, 460 U.S. at 21. "[P]riority should not be measured exclusively by

6  which complaint was filed first, but rather in terms of how much progress has

7  been made in the two actions." <u>Id.</u>

8       The State Court Action was initiated in August 2014, and Plaintiff's federal

9  Complaint was filed in March 2015. According to Defendants' motion, "the

10  underlying class action is in its very early stages." (Defs.' Mot. 11.) In the instant

11  action, Defendants have answered Plaintiffs' Complaint, but nothing further has

12  been done. Therefore, viewing the "realities of the case at hand," <u>Moses H.</u>

13  <u>Cone</u>, 460 U.S. at 21, this factor only slightly weighs in favor of Defendants'

14  motion to stay.

15       (4)   Adequacy of State Court

16       "A district court may not stay or dismiss the federal proceeding if the state

17  proceeding cannot adequately protect the rights of the federal litigants." <u>R.R.</u>

18  <u>Street</u>, 656 F.3d at 981. Plaintiff in this case is not a party to the State Court

19  Action, and the issues presented in this case—the scope of Plaintiff's insurance

20  policy—are not addressed in the State Court Action. Therefore, Plaintiff cannot

21  be adequately protected by the state court proceeding, and this factor weighs

22  against granting a stay.

23       (5)   Forum Shopping

24       A <u>Colorado River</u> stay is appropriate when it is "readily apparent that the

25  federal plaintiff was engaged in forum shopping." <u>Id.</u> (citing <u>Nakash v. Marciano</u>,

26  882 F.2d 1411, 1417 (9th Cir. 1989)). "Forum shopping refers to the practice of

27  choosing the most favorable jurisdiction or court in which a claim might be

28  heard." <u>R.R. Street</u>, 656 F.3d at 981 (citing Black's Law Dictionary 726 (9th ed.

2009)). Here, although Plaintiff chose federal court over state court, nothing suggests that the choice was made because federal court would provide a more favorable jurisdiction than state court. Thus, this factor weighs against granting a stay.

<u>(6)   Resolution of Issues in Parallel State Court Proceeding</u>

The final factor "is whether the state court proceeding sufficiently parallels the federal proceeding." <u>R.R. Street</u>, 656 F.3d at 982. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a <u>Colorado River</u> stay or dismissal." <u>Id.</u>

Here, resolution of the State Court Action will not necessarily resolve the issues in the instant action. The Plaintiff in this case is not a party to the State Court Action. Moreover, the outcome of the State Court Action will not necessarily resolve the instant action because each case involves different legal issues. Thus, this factor weighs against granting Defendants' motion to stay.

## **CONCLUSION**

Dismissal is improper in this case because the Court has mandatory jurisdiction over Plaintiff's reimbursement claims. Moreover, the <u>Colorado River</u> factors weigh against staying this case pending resolution of the State Court Action. For these reasons, Defendants' motion to dismiss or in the alternative to stay is **DENIED.**

**IT IS SO ORDERED.**

Dated:  March 29, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court

15cv536 BTM (DHB)